# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:10-CR-8-1- JRG-RSP |
| | § | |
| TRAVIS EARL SHELTON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On February 24, 2014, the undersigned held a final hearing on the Government's petition (#37) to revoke supervised release. The Government was represented by Assistant United States Attorney Jim Noble. The Defendant, Travis Earl Shelton, was represented by Wayne Dickey.

Travis Earl Shelton was sentenced on November 15, 2010, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession of a List 1 Chemical with Intent to Manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Mr. Shelton received a downward departure due to the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. §3553(a)(1). Travis Earl Shelton was subsequently sentenced to 18 months imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and enrollment in a General Equivalency Diploma class. On November 7, 2011, Travis Earl Shelton completed his period of imprisonment and began service of the supervision term.

On January 29, 2014, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On April 4, 2012, Mr. Shelton provided a urine specimen which tested positive for methamphetamine. Mr. Shelton admitted to using methamphetamine. On August 6, 2013, Travis Shelton admitted to using methamphetamine. On January 3, 2014, Travis Shelton provided a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test.

2) <u>Standard:</u> The Defendant shall participate in a program of testing treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: On November 26, 2013, Travis Shelton failed to attend individual substance abuse counseling. On November 27, 2013, Travis Shelton failed to attend individual substance abuse counseling.

The Court scheduled a revocation hearing for February 24, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for nine months, with no additional supervised release. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months, with no additional supervised release. The Court recommends service of sentence at FCI Texarkana.

At the close of the February 24, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 28th day of February, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE